486 A.2d 502

**COMMONWEALTH of Pennsylvania**

v.

**Charles YORK, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1984.

Filed Dec. 21, 1984.

J. David Ungerman, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In this case, appellant Charles York appeals the lower court's denial of his motion for new trial and arrest of judgment. The issue argued below and presented here is whether the prosecution's question and a witness's answer about a lie detector test warrant a new trial. We hold that the question and answer were inadmissible and incurably prejudicial and vacate the judgment of sentence.

Appellant was convicted of second-degree murder, robbery, and possession of the instruments of a crime in September of 1980. The key prosecution witness was Christopher Hewett, who had been appellant's companion before and after the killing took place. Appellant, at trial, alleged that the victim had grabbed his testicles and that he had stabbed him out of anger. The Commonwealth's witness testified that York had stated before the killing that he was going to rob someone.[1]

At trial, after questioning Hewett carefully, the prosecution asked whether he had had the occasion to take a lie detector test. The witness replied, "yes," and defense

---

1. The details of the crime are as follows: York, who had been driving around Erie with Hewett, had mentioned a need for money. They drove to a park downtown, known as a place frequented by homosexuals. York left the car and stood on a corner; when a car drove up, York had a brief conversation with the man inside, got in, and drove off with him. Hewett testified that York returned after an hour, told him that the man had said he was sorry, he had only $12, and that the man had grabbed his testicles, and that York had stabbed him. At trial, York testified that he had hoped to sell the man sexual favors.

counsel immediately asked for a sidebar conference, where he requested a mistrial. The court refused the request, instead giving instructions to the jury to disregard the question and the statement. The jury convicted York.

■ Our Supreme Court has disallowed any use of polygraph tests in evidence. *Commonwealth v. Saunders*, 386 Pa. 149, 125 A.2d 442 (1956); *Commonwealth v. Johnson*, 441 Pa. 237, 272 A.2d 467 (1971). When a question relating to polygraphs is prompted by the prosecution and bolsters the testimony of a witness adverse to the defense, a conviction based in part on testimony mentioning a polygraph will not be permitted to stand. *Commonwealth v. Miller*, 497 Pa. 257, 439 A.2d 1167 (1982).

Here, the question was undeniably put by the prosecution. It bolstered the testimony of the witness, because it was asked by the Commonwealth's attorney after the Commonwealth's major witness had recited his version of the incident.[2]

■ The question and answer were so highly prejudicial in this case as to be impossible to cure by instruction.[3] We are not convinced beyond a reasonable doubt that the error here did not contribute to the verdict. *Commonwealth v. Story*, 476 Pa. 391, 406, 383 A.2d 155, 162 (1978). We have no choice other than to vacate the judgment of sentence and remand for a new trial.

Judgment of sentence vacated and case remanded for a new trial.

2. Another witness, Lois Ann Ace, testified that appellant had been without funds the day before the killing and had borrowed money from her. Hewett was the only witness testifying as to events on the evening of the killing.

3. We are at a loss to understand why the Commonwealth chose to bolster its case in this fashion. If, as the Commonwealth maintains, there was independent and corroborative evidence to show that York was the killer and robbery was the motive, it would seem superfluous to bring up a lie detector test, especially when the results could never be announced.